## Commonwealth v. Carter.

*Motor-vehicles—City ordinances—Act of June 14, 1923.*

The effect of section 28 of the Act of June 14, 1923, P. L. 718, is to nullify an ordinance of the City of Harrisburg which provided that "no motor-vehicle shall be operated in such a manner as to emit an undue amount of steam, smoke or products of combustion, or to drop oil or other injurious substances on any highway."

Petition for rehearing.   Q. S. Dauphin Co., Jan. Sess., 1925, No. 212.

*John R. Geyer,* for plaintiff; *W. Justin Carter, Sr.,* for defendant.

WICKERSHAM, J.—This case came on to be heard, whereupon we filed an opinion affirming the judgment of the alderman.   Thereafter the defendant filed his petition for a rehearing, alleging, *inter alia,* that the judgment entered by this court was contrary to law.   The judgment was based upon the alleged violation by the defendant of an ordinance of the City of Harrisburg, which provided, *inter alia,* that "no motor-vehicle shall be operated in such a manner as to emit an undue amount of steam, smoke or products of combustion, or to drop oil or other injurious substances on any highway."   Counsel for the defendant directs our attention to section 28 of the Act of June 14, 1923, P. L. 718, which provides: "It being the purpose of this act to provide a system or code of law regulating the use and operation of motor-vehicles throughout this Commonwealth, no city, borough, incorporated town, township or county shall hereafter adopt, maintain or enforce any rule, regulation or ordinance regulating the speed, equipment, use or operation of motor-vehicles, other than city or borough ordinances regulating the stopping and parking of vehicles or the establishment of zones in which vehicles may park at night without lights, as provided in section 20 of this act, the use of certain streets as one-way streets, or regulating the kind and weight of traffic on certain streets and in public parks, or the establishment of safety zones."

We are of opinion that the effect of the act from which we have quoted is to nullify and make void the section of the ordinance of the City of Harrisburg upon which the prosecution against the defendant was based: Com. v. Hebard, 1 D. & C. 377.   The judgment entered by us against the defendant on Oct. 6, 1925, is, therefore, reversed.

From Homer L. Kreider, Harrisburg, Pa.